[Crim. No. 5086. Second Dist., Div. One. June 22, 1954.]

THE PEOPLE, Respondent, v. FRED BATES, Appellant.

Gladys Towles Root and Herbert Grossman for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted by a judge of the superior court of two counts of first degree robbery. He admitted a prior conviction of grand larceny, for which he served a term in the penitentiary in Virginia. After the crimes in California, he went to Louisiana and was there convicted of armed robbery. When he was released from the Louisiana penitentiary he was brought back here for trial.

Defendant appeals from the judgment that he be imprisoned in the state prison in California for the term prescribed by law, and from the order denying his motion for a new trial. He bases his appeal upon the sole ground that the evidence is insufficient to support the finding that he was guilty.

Two liquor stores in the San Fernando Valley were held up. Two men took part in one holdup; three men in the other. In each case one of the men was armed. And in each case defendant took part in the robbery.

The victim of one robbery positively identified defendant. Her testimony was not shaken on cross-examination. The victim of the other robbery said that defendant's face looked "like I did see him before." Cross-examined he said, "As positive identification I would not give it."

The officers who returned defendant from Louisiana asked him if he had ever robbed anyone in California. He answered that he "might have or he might not have." That was his stock answer to many questions after that by the officers. But he finally admitted to one of the officers that he took part in both of the robberies.

On the trial defendant testified in his own behalf. He denied any part in the robberies or any admissions of guilt. He said he was living in the San Fernando Valley at the time, and could well have been in both liquor stores for purchases.

Turning now to the law of the case:

■ Identification by one witness of a defendant charged with robbery is sufficient to support the conviction. (Code Civ. Proc., § 1844; *People* v. *Ferlito,* 100 Cal.App. 355 [280 P. 136]; *People* v. *Ash,* 88 Cal.App.2d 819 [199 P.2d 711].)

■ It is basic in the law of appeals in this state that in reviewing an attack upon the finding of a trial court an appellate court may consider only whether there is substantial evidence to support it. When it appears that the finding is supported by substantial evidence, that is all there is to the case. (*People* v. *Alexander,* 92 Cal.App.2d 230 [206 P.2d 657].) ■ It is for the trial court to weigh the evidence, and to draw reasonable inferences deducible therefrom. (*Rosicrucian Fellowship* v. *Rosicrucian, etc., Church,* 39 Cal. 2d 121 [245 P.2d 481].) ■ And the credibility of witnesses is to be resolved by the trial court. (*Anglin* v. *Conway,* 41 Cal.2d 683 [263 P.2d 1].)

In criminal cases the Constitution of California explicitly

states that the Supreme Court and the District Court of Appeal have jurisdiction *"on questions of law alone."* (Const., art. VI, §§ 4-a and 4-b.)

In 1851 in *Vogan* v. *Barrier*, 1 Cal. 186, 187, our Supreme Court said:

"The case throughout presents nothing but questions of fact, which it is the peculiar province of juries to pronounce upon."

In 1950, in *People* v. *Gutierrez*, 35 Cal.2d 721, 727 [221 P.2d 22], our Supreme Court said:

"After conviction all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatsoever is there sufficient substantial evidence to support it."

For more than a hundred years since that first case our courts have stated this simple legal rule over and over again. But the number of appeals in such hopeless cases seems to continue about the same.

It is not surprising that litigants who have lost in civil cases, and defendants who have been convicted in criminal cases, should turn to a consideration of what might be done for them on appeal. In the instant case, no criticism is intended to be directed toward present counsel who entered the case after the appeal had been perfected by another attorney who later passed away, and at the urgent request of appellant present counsel accepted the responsibility of representing him in the presentation of the appeal to this court. However, the record in this case does afford an opportunity for this court to comment upon the futility of appeals when the evidence is conflicting and there are no errors of law.

It is the duty of every member of the legal profession to go carefully over the record before perfecting an appeal. If it is evident that a conflict in the evidence has been resolved by the trier of fact and that there has been no error of law, it is then the lawyer's duty to advise his client of the hopelessness of such an appeal. Litigants should never be put to the expense, and courts and counsel to the waste of time and effort involved in such cases.

The judgment and the order denying the motion for a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 7, 1954.