[Crim. No. 5086.   Second Dist., Div. One.   Nov. 7, 1955.]

THE PEOPLE, Plaintiff, v. FRED BATES, Petitioner.

No appearance for Plaintiff.

Fred Bates, in pro. per., for Petitioner.

WHITE, P. J.—Defendant filed this petition for a writ of error *coram nobis* in the Superior Court of Los Angeles County.   Because the judgment rendered herein had been affirmed by this court (*People* v. *Bates,* 126 Cal.App.2d 144

[271 P.2d 968]), the petition was transmitted to this court for consideration (Pen. Code, § 1265).

After trial before a judge of the Superior Court of Los Angeles County, defendant was convicted of two counts of first degree robbery. He admitted a prior conviction of the crime of grand larceny for which he served a term of imprisonment in the penitentiary of the state of Virginia. After commission of the crimes charged against him in California, he went to Louisiana and was there convicted of armed robbery. Upon his release from the Louisiana penitentiary he was returned to Los Angeles for trial. Following his conviction and denial of his motion for a new trial defendant was sentenced to state prison.

From the judgment of conviction and the order denying his motion for a new trial he prosecuted an appeal to this court on the sole ground that the evidence was insufficient to support the finding of guilt. On June 22, 1954, both the judgment and the order were affirmed (*People* v. *Bates, supra*).

In his petition now before us, defendant again challenges the sufficiency of the evidence to establish his guilt beyond a reasonable doubt. He makes the further claim that the attorney whom he employed to defend him at the trial (now deceased) "failed, neglected or refused to give proper and adequate representation and protection of your affiant's rights in that he failed and refused to ask for and secure a jury trial which your affiant demanded . . .."

It is also alleged that said attorney "failed, and neglected and refused to make the necessary motions and objections to protect his (affiant's) rights . . ."; that his attorney failed to obtain the presence of his witnesses to testify for defendant, and otherwise failed to properly represent the accused. He also charges prejudicial misconduct on the part of the trial judge and the deputy district attorney. Error is also claimed because of the allegation charging defendant with the aforesaid prior conviction (which he admitted at the trial).

Defendant's petition is totally insufficient to warrant issuance of the writ prayed for. ■ As was said in *People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375]:

"The writ of error *coram nobis* never issues to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal. It is issued to correct an error of fact, existing at the time of trial but unknown to the trial court through no fault of

the petitioner, and which fact, had it been known, would have resulted in a different judgment, or would have prevented the rendition of the challenged judgment. (Citing cases.)

"These cases dispose of the contentions that the evidence produced on the hearing at the time of fixing the degree of the crime was insufficient to show first degree and, at most, showed manslaughter; that if his counsel had not advised him improperly to plead guilty he would never have been convicted of first degree murder; that by failing to move for a reduction of the degree of the crime, or by failing to appeal, his counsel caused him to be deprived of his liberty without due process. The choice of counsel was defendant's. It was at all times within the power of defendant to choose his own counsel or to appeal."

In the case now engaging our attention, defendant was represented at the trial by an attorney of his own choosing and again, on his appeal, was likewise so represented. ■ One of the claimed errors set forth above, viz., insufficiency of the evidence, was determined adversely to the defendant on his appeal, and the other claimed errors could have been corrected on the appeal or on the motion for a new trial interposed by defendant. ■ "The writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum*. In the vast majority of cases a trial followed by a motion for a new trial and an appeal affords adequate protection to those accused of crime. The writ of error *coram nobis* serves a limited and useful purpose. It will be used to correct errors of fact which could not be corrected in any other manner. ■ But it is well-settled law in this and in other states that where other and adequate remedies exist the writ is not available." (*People* v. *Martinez, supra,* p. 774.)

The petition is denied.

Doran, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 7, 1955.